IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**JOE FLOYD FULLER, SR.,**

                **Petitioner,**

     v.                               CASE NO. 08-3059-SAC

**TED BAIRD, et al.,**

                **Respondents.**

### O R D E R

This matter is before the court on a petition for writ of habeas corpus, filed pro se by a pretrial detainee in the Johnson County Jail in Olathe, Kansas. Having reviewed petitioner's limited financial resources, the court grants petitioner leave to proceed in forma pauperis under 28 U.S.C. § 1915 in this habeas action. *See* United States v. Simmonds, 111 F.3d 737 (10th Cir. 1997)(filing fee provisions in Prison Litigation Reform Act do not encompass habeas actions or appeals therefrom).

Petitioner seeks federal habeas corpus relief on allegations that the criminal charges filed against him are false and insufficient, and that criminal prosecution on these charges violates his rights under the First Amendment. Petitioner further contends this court is the only court with jurisdiction to consider the alleged violations of his rights under the United States and Kansas constitutions. This is not accurate.

The United States district courts are authorized to grant a writ of habeas corpus to a prisoner "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C.

§ 2241(c)(3). While § 2241 establishes jurisdiction in the federal court to consider habeas corpus petitions filed by pretrial detainees, it is nonetheless well recognized that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." Capps v. Sullivan, 13 F.3d 350, 354 (10th Cir. 1993). *See also* Braden, 410 U.S. at 489 (exhaustion of available state court remedies is necessary before a federal court will entertain a pretrial habeas petition). "An attempt to dismiss an indictment or otherwise prevent a prosecution is normally not attainable by way of pretrial habeas corpus." Id.(internal quotations omitted).

Because it is apparent on the face of the application that petitioner has not yet exhausted available remedies in the state courts on any of his claims, the court finds petitioner's pursuit of federal habeas relief is premature and concludes the petition should be dismissed without prejudice.

IT IS THEREFORE ORDERED that petitioner's motion for leave to proceed in forma pauperis (Doc. 2) in this habeas action is granted.

IT IS FURTHER ORDERED that the petition for writ of habeas corpus is dismissed without prejudice.

**IT IS SO ORDERED.**

DATED:  This 11th day of April 2008 at Topeka, Kansas.


                                    s/ Sam A. Crow
                                    SAM A. CROW
                                    U.S. Senior District Judge